UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARY BOUCHER; ROBIN BOUCHER<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC d/b/a RUSHMORE LOAN SERVICING.; U.S. BANK N.A. TTE RMAC TRUST SERIES 2016-CTT; BROCK & SCOTT PLLC; JOHN DOES I-X,<br><br>Defendants | Civil Action No. 25:10565 |

## OBJECTION TO MOTION TO WITHRAW AS COUNSEL FOR PLAINTIFFS PURSUANT TO LOCAL FEDERAL RULE OF CIVIL PROCEDURE 83.5.2 BY ATTORNEY ADAM DEUTSCHE

Plaintiffs Cary Boucher and Robin Boucher respectfully move this Court to enter an Order Denying the Motion to Withdraw as counsel for Plaintiffs by attorney Adam Deutsche, Esq. of Northeast Law Group, LLC until refunding the monies paid for services not rendered, was not addressed or completed. In support of the Objection To Motion to Withdraw as counsel in Civil Action No. 1:25-cv-10565, Plaintiffs provide the following.

1. An attorney may seek leave of court to withdraw his or her appearance for good cause shown.

2. Attorney Deutsche alleged in his motion that there was an "irretrievable breakdown in communications" between himself and Plaintiffs.

3. In fact, said attorney has never explained why he filed the Complaint in this case which completely disregarded everything he initially conveyed by Plaintiffs regarding the *relevant parties* in their collection and foreclosure actions.

_____  1
OBJECTION TO MOTION TO WITHDRAW

4. Technically, without informing Plaintiffs, the "irretrievable breakdown in communications" began from day one. Said attorney filed a complaint based upon his own decisions, without agreement from Plaintiffs, and has pursued the action against parties that are no longer even in business and failed to pursue the parties who could foreclose on Plaintiffs, for which he was retained, forcing Plaintiffs to file their own action.

### ATTORNEY DEUTSCHE PROVIDED LIMITED REPRESENTATION

5. Attorney Deutsche represented Plaintiffs in only one prior case in which counsel appeared in Land Court, as a filing that his suggestion and not a request from Plaintiffs.

6. AT this one-time appearance the Court told Attorney Deutsche that his Motion was completely without merit, a concern expressed by Plaintiffs before Attorney Deutsche even filed it.

### FRIVOLOUS LAWSUIT 1:25-CV-10565

7. On March 7, 2025, Civil Action No. 1:25-cv-10565 was filed by Attorney Deutsche without input from Plaintiffs in regards to the content and defendants to the actions.

8. At no time did Attorney Deutsche ever explain why he sued the parties that were no longer in business in this action or what he sought to achieve. No investigation, discovery, reliance on documents or information from the Plaintiffs was used by said attorney.

9. His work and services provided appear to be frivolous and without merit, without supported evidence, being based on the seat of counsel's pants only.

### ACTION TO STOP THE FORECLOSURE BY AN UNAUTHORIZED PARTY

10. Attorney Deutsche claims that on or about July 25, 2025 he became aware that the Plaintiffs filed a separate lawsuit in State Court concerning, as he states it *was merely "similar subject matter."*

11. Attorney Deutsche was aware that a foreclosure date was pending and about to commence in a couple of days by the Defendants in the lawsuit filed by Deutsche in Civil

Action No. 1:25-cv-10565 as <u>U. S. Bank N.A.TTE RMAC Trust Series 2016-CTT</u> (hereafter "<u>2016-CTT</u>").

12. Attorney Deutsche did nothing to stop or defend that foreclosure action despite that being one of the actions he was retained to defend.

13. Attorney Deutsche was very aware that Plaintiffs had expressed the fact that Defendant <u>2016-CTT</u> was no longer the party that held either the Note or Mortgage on the property.

14. Attorney Deutsche was very aware that Plaintiffs had expressed the fact that Defendant <u>2016-CTT</u> was no longer the party that held either the Note or Mortgage on the property. Attorney Deutsche was informed that U.S. Bank NA was no longer the Trustee of any RMAC Trusts.

15. Attorney Deutsche was very aware that Plaintiffs had expressed the fact that Defendant <u>2016-CTT</u> was no longer the party that held either the Note or Mortgage on the property. Attorney Deutsche was informed that U.S. Bank NA was no longer the Trustee of any RMAC Trusts.

16. Therefore, Plaintiffs had no choice but to protect themselves from the actual party that purportedly had communicated with Plaintiffs, known as U. S. Bank N.A. AS TRUSTEE FOR THE RMAC Trust Series 2017-B (hereafter "2017-B") claiming it had the authority to proceed with a nonjudicial foreclosure.

## ATTORNEY MISCONDUCT INVOLVING FRIVOLOUS FILINGS AND LACK OF INVESTIGATION DUE DILIGENCE

17. The Massachusetts case law and statutes provide clear guidance on attorney misconduct involving failure to conduct reasonable factual investigation and filing frivolous claims. The Supreme Judicial Court of Massachusetts has addressed such issues in several disciplinary cases, emphasizing the importance of professional integrity and adherence to ethical standards.

18. The Supreme Judicial Court of Massachusetts disbarred attorney Matthew Cobb for multiple violations of the Massachusetts Rules of Professional Conduct. Attorney Cobb filed motions containing improbable and false allegations without corroboration, exposing his client to sanctions.

19. Attorney Cobb also made groundless representations to a judge and filed complaints against opposing attorneys that he knew or should have known were baseless. Additionally, Cobb misrepresented to his clients that they had been sanctioned, persisted in frivolous appeals, and converted client settlement proceeds to pay sanctions assessed against him personally.

20. His conduct included unsupported allegations of judicial bias and improper influence, violating Rule 11 and several disciplinary rules, including DR 1-102(A)(5), DR 1-102(A)(6), and DR 7-102(A)(1). See *In re Cobb*, 445 Mass. 452 (2005).

21. In *Tilman v. Brink*, 74 Mass.App.Ct. 845 (2009), (Massachusetts Rules of Civil Procedure (Mass.R.Civ.P.), the application of Rule 11 demonstrates the severe consequences of filing frivolous claims and failing to conduct reasonable factual investigations.

22. The Appeals Court of Massachusetts upheld sanctions against attorneys who failed to investigate the factual basis of their claims before filing suit. The court found that their actions constituted bad faith and awarded attorney's fees against them under Rule 11 and Rule 8.4. This case underscores the importance of conducting a reasonable inquiry into the factual basis of claims before filing.

### RELEVANT INFORMATION, SUPPORTING EVIDENCE AND INDISPENSABLE PARTIES PROVIDED BY PLAINTIFFS WAS IGNORED

23. Attorney Deutsche was made aware of the resignation of the Trustee U.S. Bank, NA by an expert in the field who provided the paperwork from the Office of the Comptroller of the Currency ("OCC") defining this resignation. However, Attorney Deutsche continued his pursuit of the wrong parties.

24. *Matter of Foster,* 492 Mass. 724 (2023) defines professional misconduct to include conduct involving dishonesty, fraud, deceit, or misrepresentation, as well as conduct prejudicial to the administration of justice.

25. These rules collectively establish the ethical framework for attorneys to avoid frivolous filings and ensure diligent representation.

26. On several occasions Attorney Deutsche was given the case that identified the lack of capacity for 2016-CTT to have standing or authority to initiate or complete a foreclosure action based on a borrower missing payments on their individual loans and utilizing the mortgage lien to foreclose as reimbursement of the loan debt.

27. The holdings in *U.S. Bank National Association as Trustee for RMAC Trust, Series 2016-CTT v. Desrosiers,* USD, E.D. New York March 31, 2021 Slip Copy 2021 the Plaintiff [herein Defendant] cannot demonstrate a Trust Agreement or something else, which demonstrates that Plaintiff's [herein Defendant] control over the trust assets is real and substantial.

> *"However, in making this assertion, Plaintiff does not draw the Court's attention to any part of the Trust Agreement, which was filed under seal at DE 49. In reviewing the Trust Agreement, the Court notes that Plaintiff's duties pursuant to that Agreement, as trustee, are to "undertake[ ] to perform such duties and only such duties as are specifically set forth in this Agreement or may be directed by the Participation Agent or the Program Administrator."*

This language appears virtually identical to the provision analyzed by the court in *Dupre,*." *U.S. Bank Tr., N.A. v. Dupree,* 15-CV-0558 (LEK/TWD), which was found not to have conferred sufficient powers upon U.S. Bank to deem it the real party in interest under *Navarro, (Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 465 (1980).

28. The only Defendant in the lawsuit that was not frivolous was Brock and Scott, the acting Trustees, who were sued as Trustees. This Defendant Brock & Scott, PLLC, was dismissed by Attorney Deutsche without the consent or understanding of Plaintiffs. Was this an admission that they were the wrong party to sue from the start?

29. Although Nationstar Mortgage LLC is in the caption, none of the causes of action reference Nationstar Mortgage LLC's activities or damages.

30. Rushmore Loan Management appears in the Complaint, but not in the caption. Their actions may be unlawful; however, they are not a defendant. Any and all references to Rushmore Loan Management must include the fact that it was purchased by the Mr. Cooper Group, the Parent Company and NOT by Nationstar, merely another subsidiary.

31. Therefore, the dismissal of the Defendant Brock & Scott, PLLC, the only viable operating defendant, left Plaintiffs without a party to receive compensation from should the lawsuit be ruled in favor of Plaintiffs, because none of the remaining parties are even in business.

32. Attorney Deutsche has left no party in the lawsuit from which to demand or receive restitution.

**EVEN SIMPLE CURSORY SEARCH REVEALING TRUE INFORMATION IS AVAILABLE ON SIMPLE GOOGLE SEARCH**

33. Although all of the pertinent sales transactions of corporations, lawsuits and similar investigations of the Defendants had been performed many times by Experts and other Defendants all over the U.S. revealing the above conclusions and holdings, Attorney Deutsche has charged an approximate total of $25,000 of which we have already paid over $18,000 for the frivolous Complaints.

34. The fees of Attorney Deutsche include his due diligence, however revealing none of the pertinent information on the Defendants, which he professes to have thoroughly reviewed in order to make his personal decisions.

**REQUEST TO DENY ATTORNEY DEUTSCHE MOTION TO WITHDRAW**

35. Attorney Deutsche should not be permitted to withdraw which would be leaving Plaintiffs potentially liable for the Defendants' attorney's fees and costs, as his misdeeds are the sole cause of the frivolous complaint.

36. Attorney Deutsche did not write a Complaint based on information from Plaintiffs and ignored Plaintiffs retained banking expert; instead, said counsel drafted a Complaint that made no sense.

37. He should not be permitted to withdraw after filing an action that was frivolous, (except as to Brock & Scott, PLLC, who Attorney Deutsche dismissed without consulting Plaintiffs) exposing Plaintiffs to fees and costs. Said attorney should not be given leave to withdraw until these issues are resolved as he and his firm should be held liable for any fees, costs or sanctions granted.

WHEREFORE, Attorney Deutsche and his firm should not be permitted to file a frivolous complaint without any factual basis and then be allowed to withdraw, leaving Plaintiffs to face the wrath of the baseless filing. Plaintiffs request the Court DENY the motion to withdraw at this time.

Date:  September 3, 2025

Respectfully,

/s/ Gary D. Boucher
Gary D. Boucher, Pro se

/s/ Robin L. Boucher
Robin L. Boucher, Pro se
7 Fairbanks Lane
North Reading, Massachusetts  01864
(978) 404-1479
rlboucher1966@gmail.com

## CERTIFICATE OF SERVICE

   I hereby certify that this document filed through the ECF system are being sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 3, 2025. A copy of all documents filed by ECF have also been served on the Defendants by email and Certified Mail.

Adam Deutsch (BBO) 569173
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
Tel.: (413) 285-3646
adam@northeastlawgroup.com

                */s/ Robin Boucher*
                Robin Boucher